UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                                                       <u>DECISION AND ORDER</u>

                                                                                                                 12-CR-6130L

                          v.

ASHLEY TRAVIS,

                        Defendant.
_____

       Defendant Ashley Travis ("Travis") was indicted with another, Fawndell Henderson ("Henderson"), and charged with narcotics and firearms offenses. This Court referred all motions and other pretrial matters to United States Magistrate Judge Marian W. Payson.

       Travis duly filed a motion to suppress an on-scene identification of her that was made by a Rochester Police Officer, Vincent Post, at the residence on Weeger Street, Rochester, New York where Travis and Henderson were arrested subsequent to the execution of a search warrant.

       Magistrate Judge Payson conducted a suppression hearing at which Officer Post testified. No other witnesses were presented.

       Thereafter, Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. #54) which carefully discussed the facts of this case and the relevant law concerning on-scene identification procedures. The Magistrate Judge recommended that this Court deny defendant's motion to suppress.

       After reviewing defendant's objections, the transcript of the suppression hearing which has been prepared for my review, and the Report and Recommendation of the Magistrate Judge, I conclude that there is no basis to vacate, modify or reverse the Magistrate Judge's Report and Recommendation. I concur with it and, therefore, deny Travis's motion to suppress the identification of her at the time of the arrest.

The Magistrate Judge carefully set out the facts and the relevant law. There is no need for this Court to add to that discussion. It is clear that Officer Post went to the residence prior to execution of the warrant to see if he could make a purchase of narcotics. He did so from a woman he identified approximately thirty minutes later as the defendant Travis. Post testified that when he purchased the drugs, he had a clear unobstructed view of the seller. A short time later, after other officers had executed the warrant, he was returned to the scene and observed that same woman and positively identified her.

The Magistrate Judge carefully discussed the law where such on-scene identifications are routinely approved. The purpose is two fold: to properly identify the suspect but also to exonerate and exclude individuals who may not be the target of the criminal investigation.

I find, as did the Magistrate Judge, that the procedure here was not unduly suggestive. Such on-scene show-ups close to the event have consistently been approved. I also find that the identification was reliable. I do not find any suggestivity and it appears that the officer had an independent basis to make the observation and identification that he made since he had seen Travis literally minutes before his identification and was in a position to carefully examine and scrutinize her face and other features.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #54). Based on that Report, I deny defendant Ashley Travis's motion to suppress identification and will permit Officer Post to testify about his on-scene identification as well as any in-court identification that he is able to make.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 26, 2013.